UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:26-cv-00022-FDW

| ANDREAS PETER BASTAS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISIONS AND ORDER** |
| | ) | **ON INITIAL REVIEW** |
| DAVID W. VENABLE, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint. [Doc. 1].

## I. BACKGROUND

In this action filed on February 3, 2026, pro se Plaintiff Andreas Peter Bastas ("Plaintiff"), a state prisoner currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, brings this action pursuant to 42 U.S.C. § 1983 against David W. Venable, identified as Plaintiff's court-appointed attorney for criminal proceedings in Wake County, North Carolina.[1] [Doc. 1 at 1-2]. Plaintiff alleges *inter alia* that Defendant violated his rights under the Fifth, Sixth, and Fourteenth Amendments. [Id. at 3]. Plaintiff claims that Defendant's conduct resulted in Plaintiff's wrongful imprisonment. [Id.]. Plaintiff seeks monetary relief only. [Id. at 5].

## II. DISCUSSION

In an action arising under 42 U.S.C. § 1983, venue is established by 28 U.S.C. § 1391(b), which provides: (b) A civil action may be brought in: (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or

---

[1] Wake County, North Carolina, is in the Eastern District.

a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Therefore, under Section 1391, Plaintiff's action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose, which here is the Eastern District of North Carolina. Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss this action, or, if it is in the interest of justice, transfer this action to the United States District Court for the Eastern District of North Carolina. The Court will transfer this action to the Eastern District.

## III. CONCLUSION

For the reasons stated herein, the Court transfers this action to the Eastern District of North Carolina.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's action is transferred to the Eastern District of North Carolina.

2. The Order Granting in Forma Pauperis Status and Directing the Correctional Facility to Transmit Partial Payments [Doc. 5] is hereby **VACATED**.

3. The Clerk's Financial Department is hereby ordered to **REFUND** any payments made toward Plaintiff's filing fee in this matter.

4. The Clerk is instructed to terminate this action.

**IT IS SO ORDERED**.

Signed: February 6, 2026

Frank D. Whitney
Senior United States District Judge