IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CT-03034-M-RJ

ANDREAS PETER BASTAS,          )
                                      )
          Plaintiff,          )
                                        )
   v.                      )           ORDER
                                        )
DAVID W. VENABLE,         )
                                      )
          Defendant.     )

On February 3, 2026, Andreas Peter Bastas ("plaintiff"), a state inmate proceeding *pro se* and without prepayment of fees, filed this complaint under 42 U.S.C. § 1983 in the United States District Court for the Western District of North Carolina. See [D.E. 1, 2, 9].

On February 9, 2026, the action was transferred to this court. Order [D.E. 6].

The court first addresses plaintiff's various motions, see [D.E. 10, 11, 12, 13]. The court summarily GRANTS the motion to amend the complaint [D.E. 12]. See Fed. R. Civ. P. 15(a).

Although plaintiff seeks appointment of counsel, see [D.E. 10, 11, 13], there is no right to counsel in civil cases absent "exceptional circumstances," Jenkins v. Woodard, 109 F.4th 242, 247 (4th Cir. 2024) (citation omitted). Exceptional circumstances exist where 1) "the plaintiff 'has a colorable claim,'" and 2) "considering the claim's objective complexity and the plaintiff's subjective abilities, . . . the plaintiff 'lacks the capacity to present it.'" Id. (quotation omitted). To make this determination, a district court must assess "(1) whether the plaintiff asserts a claim that is not frivolous, (2) the difficulty of the claim, and (3) whether the plaintiff can present the claim considering the skill required to do so and the plaintiff's individual abilities." Id. at 248.

Plaintiff has not shown "exceptional circumstances" needed to appoint counsel because his claims do not survive initial review, are not difficult, and he can present them adequately. Cf. id.

Next, the court turns to plaintiff's requests seeking either "a writ of mandamus to compel waiver of the $350 [filing] fee" in this action, [D.E. 10, 13], or waiver of the filing fee [D.E. 11].

Mandamus is an extraordinary remedy that is available only if the movant "exhausted all other avenues of relief" and is owed a "nondiscretionary duty." Heckler v. Ringer, 466 U.S. 602, 616–17 (1984); see Kerr v. U.S. Dist. Court for the N. Dist. of Cal., 426 U.S. 394, 402 (1976); Cumberland Cty. Hosp. Sys., Inc. v. Burwell, 816 F.3d 48, 52 (4th Cir. 2016).

The Prison Litigation Reform Act ("PLRA") provides, in relevant part:

(1) . . . if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of--
      (A)    the average monthly deposits to the prisoner's account; or
      (B)    the average monthly balance in the prisoner's account for the 6– monthly period immediately preceding the filing of the complaint or notice of appeal.
(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(1) & (2) (emphasis added).

Discussing the objectives of the PLRA's fee requirement, the Fourth Circuit noted that:

Requiring prisoners to make economic decisions about filing lawsuits does not deny access to the courts; it merely places the indigent prisoner in a position similar to that faced by those whose basic costs of living are not paid by the state. Those living outside of prisons cannot file a lawsuit every time they suffer a real or imagined slight. Instead, they must weigh the importance of redress before resorting to the legal system.

Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997).

2

The order granting leave to proceed without prepayment of fees merely uses the PLRA fee schedule to set the initial payment and monthly installment amounts from the prisoner's account. See 28 U.S.C. § 1915(b)(1)–(2). This order does not relieve plaintiff's obligation to pay the full filing fee over time; rather, he incurred this debt when he filed the action. See Taylor v. Grubbs, 930 F.3d 611, 614 (4th Cir. 2019); see also Lucien v. DeTella, 141 F.3d 773, 775 (7th Cir. 1998).

In sum, because plaintiff is not entitled to a waiver of fees or the extraordinary remedy of mandamus, the court DENIES these motions [D.E. 10, 11, 13].

Pursuant to 28 U.S.C. § 1915A, the court now conducts its initial review of the complaint, as amended, and, for the reasons discussed below, dismisses the action for failure to state a claim.

Legal Standard:

When a prisoner seeks relief in a civil action from a governmental entity or officer, a court must dismiss the complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a), (b)(1). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are "based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted). Factually frivolous claims lack an "arguable basis" in fact. Neitzke, 490 U.S. at 325.

The standard used to evaluate the sufficiency of a pleading is flexible, and a *pro se* complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). A *pro se* plaintiff's pleading, however, must contain "more than labels and conclusions," see Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Giarratano v. Johnson,

3

521 F.3d 298, 304 n.5 (4th Cir. 2008), and the court need not accept as true any legal conclusions or unwarranted factual inferences, see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Further, a plaintiff also "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Discussion:

Plaintiff generally alleges that David W. Venable, the court-appointed attorney in his state criminal case, provided ineffective assistance of counsel by convincing him to take a guilty plea for second-degree murder and "suppressing evidence," in violation of his Fifth, Sixth, and Fourteenth Amendment rights. See Compl. [D.E. 1] at 2–3; Mot. [D.E. 12] at 1. Plaintiff's "injury" is his ongoing state incarceration. Compl. [D.E. 1] at 3. For relief, plaintiff seeks at least $1,000,000.00 in monetary damages, id. at 5, and an order directing that he be "vacated from N.C. state prisons [sic]," "dismissal of those unlawful charges and/or convictions from [ ] his criminal record," and that the state be precluded from re-charging him, see Mot. [D.E. 12] at 1.

Defense attorneys, whether privately retained, appointed by the state, or employed as public defenders, do not act under color of state law when performing traditional functions as counsel. See Polk Cty. v. Dodson, 454 U.S. 312, 325 (1981); Hall v. Quillen, 631 F.2d 1154,

4

1155–56 (4th Cir. 1980) (collecting cases); Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam).   On these allegations, Attorney Venable is not amenable to suit under § 1983.   See Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Although plaintiff seeks release from his present incarceration and dismissal of his criminal charges, such relief sounds in habeas corpus, not in a civil rights action.   See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (noting claims "fall[ing] within the 'core' of habeas corpus . . . [are] not cognizable when brought pursuant to § 1983."); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); Gilliam v. Foster, 75 F.3d 881, 889 n.7 (4th Cir. 1996) (en banc).

Finally, because plaintiff's complaint cannot be cured by amendment, dismissal is appropriate, see Goode v. Cent. Virginia Legal Aid Soc'y, Inc., 807 F.3d 619, 628 (4th Cir. 2015), and the court declines to exercise supplemental jurisdiction over any lingering state-law claims, 28 U.S.C. § 1367(c)(3); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966); Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001).

### Conclusion:

For the above reasons, the court: GRANTS the motion to amend [D.E. 12]; DENIES plaintiff's other motions [D.E. 10, 11, 13]; DISMISSES the complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915A(b)(1); and DECLINES to exercise supplemental jurisdiction over any lingering state-law claims.   The clerk shall close the case.

SO ORDERED this  2  day of April, 2026.

Richard E Myers II
_____
RICHARD E. MYERS II
Chief United States District Judge

5